**Lloyd WHEELER, Plaintiff,**

v.

**FURR'S, INC., d/b/a Clardy's Dairy and James Benefits, Defendants.**

CV No. 85-0262 HB.

United States District Court,
D. New Mexico.

June 27, 1985.

Robert Waldman, Roswell, N.M., for plaintiffs.

Ronald M. Gaswirth, Dan Hartsfield, Gardere & Wynne, Dallas, Tex., Duane C. Gilkey, Rodey, Dickason, Sloan, Akin & Robb, P.A., Albuquerque, N.M., for Furr's, Inc.

MEMORANDUM OPINION
AND ORDER

BRATTON, Chief Judge.

This matter comes before the court on defendants' motion to dismiss. The court, having considered the motion and been apprised of the applicable authorities concludes that the motion is not well taken and should be denied.

Plaintiff instituted this action on January 18, 1985, in the District Court of the State of New Mexico, County of Chaves. The case was removed to federal court on February 15, 1985. Removal is based on the Court's jurisdiction under 28 U.S.C. §§ 1331 and 1337 and 29 U.S.C. § 185(a).

Plaintiff was an employee of Furr's, Inc. and a member of the United Food and Commercial Workers' Union, Local No. 462 (UFCW), which was the exclusive collective bargaining agent for plaintiff and other production and maintenance employees of Clardy's Dairy. Plaintiff alleges that he was covered under Furr's group health insurance plan until January 1, 1984. The health insurance plan is provided for in the Collective Bargaining Agreement between Furr's and UFCW, effective March 10, 1981. Plaintiff contends that defendants terminated his health insurance coverage without notice on or about January 1, 1984. Plaintiff's cause of action is based on an alleged breach of a state statutory duty which requires health insurers to notify each employee of its conversion privileges upon termination. N.M.Stat.Ann. § 59–18–5.1(E) (1984 Cum.Supp.).

The defendants' position is that plaintiff's cause of action is either (1) an action governed by substantive federal labor law and therefore subject to dismissal for plaintiff's failure to exhaust or otherwise utilize the grievance procedures provided for in the collective bargaining agreement, or (2) a claim based on state law which is pre-

empted by federal labor law as recognized in *Textile Workers Union of America v. Lincoln Mills*, 353 U.S. 448, 77 S.Ct. 912, 1 L.Ed.2d 972 (1957). Defendants contend that *Allis-Chalmers Corp. v. Lueck*, —— U.S. ——, 105 S.Ct. 1904, 85 L.Ed.2d 206 (Sup.Ct.1985), is dispositive of this action.

Section 301 of the Labor Management Relations Act of 1947, 61 Stat. 156, *codified at*, 29 U.S.C. § 185(a) states in pertinent part:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce ... may be brought in any district court of the United States having jurisdiction of the parties.

*Teamsters v. Lucas Flour Co.*, 369 U.S. 95, 82 S.Ct. 571, 7 L.Ed.2d 593 (1962) was the first case to analyze the pre-emptive effect of § 301. The Court there held that "in enacting § 301 Congress intended doctrines of federal labor law uniformly to prevail over inconsistent local rules." *Id.*, at 104, 82 S.Ct. at 577. The Supreme Court had previously held that § 301 constituted a mandate to the federal courts to fashion a body of federal common law to be used in addressing disputes arising out of labor contracts. *Textile Workers v. Lincoln Mills*, 353 U.S. 448, 77 S.Ct. 912, 1 L.Ed.2d 972 (1957).

In *Lucas Flour* the Court articulated the reason for the pre-emption doctrine in this instance:

> [T]he subject matter of § 301(a) 'is peculiarly one that calls for uniform law.' ... The possibility that individual contract terms might have different meanings under state and federal law would inevitably exert a disruptive influence upon both the negotiation and administration of collective agreements. Because neither party could be certain of the rights which it had obtained or conceded, the process of negotiating an agreement would be made immeasurably more difficult by the necessity of trying to formulate contract provisions in such a way as to contain the same meaning under two or more systems of law which might someday be invoked in enforcing the contract. Once the collective bargain was made, the possibility of conflicting substantive interpretation under competing legal systems would tend to stimulate and prolong disputes as to its interpretation ... [and] might substantially impede the parties' willingness to agree to contract terms proving for final arbitral or judicial resolution of disputes.

*Id.*, at 103–104, 82 S.Ct. at 576–577. *Lucas Flour* involved a suit initiated in state court that alleged a violation of a labor contract. The Supreme Court held that the suit must be brought under § 301 and resolved under federal law.

*Allis-Chalmers v. Lueck*, —— U.S. ——, 105 S.Ct. 1904, 85 L.Ed.2d 206 (1985), takes *Lucas Flour* one step further to hold that § 301 pre-empts state tort law when resolution of the state-law claim "is substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract." *Id.*, at ——, 105 S.Ct. at 1916. *Allis-Chalmers* involved a state-law cause of action for bad-faith handling of a claim under a disability plan included in a collective-bargaining agreement. The Court reasoned that to determine if the insurer had breached its duty of good faith, the extent of that duty needed to be defined. The individual contract of insurance was what defined the insurer's duty under state law. Since the insured's right derives from the contract and is defined by the contract of insurance, any attempt to assess liability would involve contract interpretation.

> [U]nder Wisconsin law it appears that the parties to an insurance contract are free to bargain about what "reasonable" performance of their contract obligation entails. That being so, this tort claim is firmly rooted in the expectations of the parties that must be evaluated by federal contract law.

*Id.*, at ——, 105 S.Ct. at 1914.

Contract interpretation is a matter of federal law regardless of whether it arises in a contract action or some other action. Otherwise, the terms of the labor agreement "would be subject to varying interpretations and the congressional goal of a unified federal body of labor-contract law

would be subverted." *Id.*, at ——, 105 S.Ct. at 1916. Thus the state tort cause of action was pre-empted by federal labor law.

The case at bar is distinguishable from *Allis-Chalmers.* In the present case, plaintiff alleges that his employer/insurer breached a state statutory duty. N.M.Stat. Ann. § 59–18–5.1(E) (1984 Cum.Supp.) requires a health insurer to notify each employee under a group insurance plan of its conversion privileges upon termination of employment. This duty is not only independent of any contractual duty that may be owed to plaintiff but resolution of the claim is not substantially dependent upon an analysis of the terms of the labor agreement or the contract of insurance. Only the existence of a contract for insurance is necessary to define the scope and extent of the insurer's duty.

The *Allis-Chalmers* court emphasized that its holding was a narrow one. "In extending the pre-emptive effect of § 301 beyond suits for breach of contract, it would be inconsistent with congressional intent under that section to pre-empt state rules that proscribe conduct, or establish right and obligations, independent of a labor contract." *Id.*, at ——, 105 S.Ct. at 1912. The question of pre-emption comes down to whether a state tort action for breach of duty to notify the insured of his conversion privilege "confers non-negotiable state law rights on ... employees independent of any right established by contract, or, instead, whether evaluation of the tort claim is inextricably intertwined with consideration of the terms of the labor contract." *Id.*, at ——, 105 S.Ct. at 1912. This case appears to fall within the former category.

This case is distinguishable from *Allis-Chalmers* in one other respect. An important consideration in *Allis-Chalmers* was the fact that an action for breach of an implied contractual duty to act in good faith states a cause of action in contract, which is clearly encompassed under § 301, and in tort. Unless the tort claim is governed by the same pre-emptive rules as contract claims, litigants would be allowed

an end run around the arbitration procedures established to resolve contract disputes between employers and employees. Since nearly any alleged breach of contract can be restated as a tort claim for breach of a good-faith obligation under a contract, the arbitrator's role in every case would be bypassed easily if § 301 is not understood to pre-empt such claims.... A rule that permitted an individual to sidestep available grievance procedures would cause arbitration to lose most of its effectiveness, as well as eviscerate a central tenet of federal labor-contract law under § 301 that it is the arbitrator, not the court, who has the responsibility to interpret the labor contract in the first instance. *Id.*, at ——–——, 105 S.Ct. at 1916.

In the present case, there is no corresponding parallel contract and tort duties, such that allowing plaintiff to bring this action as a state-law cause of action would frustrate federal labor law policies in its procedures or its interpretation of collective bargaining agreements.

In conclusion, plaintiff's state-law claim is not pre-empted by § 301 and should not be dismissed as either pre-empted by federal law or for plaintiff's failure to follow the grievance procedure under the collective bargaining agreement. Nor is plaintiff's complaint barred by the statute of limitations. Since this is a state-law cause of action, New Mexico's statute of limitations applies not the ninety day federal statute of limitations to vacate arbitration awards or the federal six-month limitations period set out in § 10(b) of the National Labor Relations Act, 29 U.S.C. § 160(b).

One final matter needs to be resolved which was not directly addressed by the parties. This action was removed to federal court under 28 U.S.C. § 1441. Jurisdiction is stated to exist under 28 U.S.C. §§ 1331 and 1337 and 29 U.S.C. § 185(a). Given the court's findings that plaintiff's action is based on state law and is not pre-empted by federal labor law, it appears that this court does not have jurisdiction to hear this lawsuit. Thus, the case will be

remanded to the state court for further proceedings. 28 U.S.C. § 1447(c).

Now, Therefore,

IT IS BY THE COURT ORDERED that defendants' motion to dismiss is denied.

IT IS FURTHER ORDERED that the case is remanded to the District Court of the State of New Mexico, County of Chaves.